IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| v. | : REDACTED | Criminal Action No. 18 - 75-UNA |
| Ryan BACON,<br>(a.k.a. "Buck 50," "Vegas 50," "50"), | : | |
| Dontae SYKES,<br>(a.k.a. "Dante Sykes," "Taeball"), | : | SEALED |
| Michael PRITCHETT,<br>(a.k.a. "M-Dot," "Dot," "Mikey,"<br>"Tucker Maxx"), | : | |
| Dion OLIVER,<br>(a.k.a. "Ollie," "Sadiqwakil Aleem,"<br>"Sadizwaleez Aleem," "FineWine,"<br>"Bop," "Bopper"), | : | |
| Maurice COOPER,<br>(a.k.a. "Coop," "Coop Deville," "Deville"),<br>and | : | |
| Teres TINNIN,<br>(a.k.a. "Terres Tinnin," "Sacchey," "Versace"), | : | |
| Defendants. | : | |



**INDICTMENT**

The Grand Jury for the District of Delaware charges that:

<u>Introduction and Background Relevant to All Counts</u>

1. Defendants RYAN BACON (a.k.a. "Buck 50," "Vegas 50," "50"), DONTAE SYKES (a.k.a. "Dante Sykes," "Taeball"), MICHAEL PRITCHETT (a.k.a. "M-Dot," "Dot," "Mikey," "Tucker Maxx"), DION OLIVER (a.k.a. "Ollie," "Sadiqwakil Aleem," "Sadizwaleez Aleem," "FineWine", "Bop," "Bopper"), MAURICE COOPER (a.k.a.

1

"Coop," "Coop Deville," "Deville"), and TERES TINNIN (a.k.a. "Terres Tinnin," "Sacchey," "Versace") (collectively "the DEFENDANTS") are associates of one another.

2. As of May 6, 2017, each of the DEFENDANTS was 18 years of age or older.

3. From at least 2014 through all times material to this Indictment, PERSON 1 had a personal feud with defendant RYAN BACON. This feud led to violence between two groups: (a) PERSON 1, PERSON 2, and their associates; and (b) the DEFENDANTS and their associates, which include others known and unknown to the Grand Jury.

4. On or about April 14, 2017, Ryan BACON released a rap song referring to PERSON 1 as a "rat."

5. On or about May 6, 2017, PERSON 1 and PERSON 2 robbed TERES TINNIN and MICHAEL PRITCHETT of money and jewelry. Shortly thereafter, TINNIN and PRITCHETT informed RYAN BACON, DONTAE SYKES, DION OLIVER, MAURICE COOPER and others about the robbery and identified PERSON 1 and PERSON 2 as being responsible.

6. On or about May 6, 2017, DEFENDANTS and others known and unknown to the Grand Jury discussed increasing a pre-existing "check" on PERSON 1 and placing a separate "check" on PERSON 2, whereby money would be paid to the individual(s) who killed PERSON 1 or PERSON 2, or provided information regarding the whereabouts of PERSON 1 or PERSON 2 so that they might be killed.

## COUNT 1

### CONSPIRACY TO STALK

7. The allegations contained in Paragraphs 1 through 6 of this Indictment are re-alleged herein.

8. From on or around May 6, 2017, through on or around June 8, 2017, in the District of Delaware and elsewhere, the defendants,

> RYAN BACON,
> DONTAE SYKES,
> MICHAEL PRITCHETT,
> DION OLIVER,
> MAURICE COOPER, and
> TERES TINNIN

did knowingly and intentionally conspire and agree with each other, and with other individuals known and unknown to the Grand Jury, to use the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, and any other facility of interstate or foreign commerce, to engage in a course of conduct that placed PERSON 1 in reasonable fear of the death of, or serious bodily injury to, PERSON 1 and a spouse or intimate partner of PERSON 1, and caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to PERSON 1 and a spouse or intimate partner of PERSON 1, with the intent to kill, injure, harass, intimidate, and place under surveillance with intent to kill, injure, harass, and intimidate PERSON 1, in violation of Title 18, United States Code, Section 2261A(2)(A) and (B).

All in violation of Title 18, United States Code, Section 371.

## OBJECT OF THE CONSPIRACY

9. It was an object of the conspiracy for the defendants, RYAN BACON, DONTAE SYKES, MICHAEL PRITCHETT, DION OLIVER, MAURICE COOPER, and TERES TINNIN, and other individuals known and unknown to the Grand Jury, to use the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, and any other facility of interstate or foreign commerce, to engage in a course of conduct that placed PERSON 1 in reasonable fear of the death of, or serious bodily injury to, PERSON 1 and a spouse or intimate partner of PERSON 1, and caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to PERSON 1 and a spouse or intimate partner of PERSON 1, with the intent to kill, injure, harass, intimidate, and place under surveillance with intent to kill, injure, harass, and intimidate PERSON 1.

## MANNER AND MEANS OF THE CONSPIRACY

10. It was part of the conspiracy that:

    a. RYAN BACON, DONTAE SYKES, MICHAEL PRITCHETT, DION OLIVER, MAURICE COOPER, and TERES TINNIN and others used cellular telephones and internet applications, search engines, and websites to accomplish the objective of the conspiracy, including the following:

        1. to communicate with each other regarding the location and whereabouts of PERSON 1;

        2. to communicate with and receive information from others in the community regarding the location and whereabouts of PERSON 1;

3.     to coordinate times and locations to meet to discuss the whereabouts of PERSON 1 and the plan to kill PERSON 1;

4.     to obtain information about the custody status of PERSON 1; and

5.     to offer payment to others for information leading to the whereabouts of PERSON 1 and/or to offer payments to others for killing PERSON 1.

## OVERT ACTS

In furtherance of the conspiracy, defendants RYAN BACON, DONTAE SYKES, MICHAEL PRITCHETT, DION OLIVER, MAURICE COOPER, and TERES TINNIN, and others known and unknown to the Grand Jury, committed the following overt acts, among others, in the District of Delaware:

11. On or about May 6, 2017, MICHAEL PRITCHETT and TERES TINNIN informed RYAN BACON, DONTAE SYKES, DION OLIVER, and MAURICE COOPER that they (PRITCHETT and TINNIN) had been robbed at gunpoint by PERSON 1 and PERSON 2. Thereafter, the DEFENDANTS and others met and discussed, among other things, increasing a pre-existing "check" or bounty payable to whomever killed PERSON 1.

12. On or about May 6, 2017, after receiving information about the possible whereabouts of PERSON 1, MICHAEL PRITCHETT, MAURICE COOPER, RYAN BACON, and others, travelled to Middletown, Delaware in an attempt to locate PERSON 1.

13. On or about May 11, 2017, defendant RYAN BACON, using a cellular telephone, sent photographs of PERSON 1 and PERSON 2 to a cellular telephone used by MICHAEL PRITCHETT.

14. On or about May 19, 2017, in Wilmington, Delaware, MAURICE COOPER located PERSON 1 and PERSON 2 and shot at them multiple times. PERSON 1 and PERSON 2 returned fire.

15. On or about May 19, 2017, DEFENDANTS communicated via cellular telephone and in person, with each other and with others, to discuss the aforementioned shooting.

16. On various dates during May 2017, RYAN BACON and DION OLIVER, and others, used cellular telephones to seek information about the custody status of PERSON 1, who had been arrested as a result of the events of May 19, 2017.

17. On or about May 22, 2017, RYAN BACON accessed VINElink, an internet search tool which provided information regarding PERSON 1's custody status. Thereafter, BACON sent a text message to MAURICE COOPER, TERES TINNIN, MICHAEL PRITCHETT, and DION OLIVER which contained a screen shot of the accessed VINElink page showing that PERSON 1 was in custody.

18. On or about the late evening hours of June 5, 2017, or the early morning hours of June 6, 2017, DONTAE SYKES, RYAN BACON, MICHAEL PRITCHETT and others went to what was then called the Four Seasons Apartment Complex (hereinafter "VICTIM 1's Apartment Complex"), located on Winterhaven Drive in Newark, Delaware, based on information that PERSON 1 was staying at that location.

**On or about June 6, 2017:**

19. MICHAEL PRITCHETT used a cellular telephone to arrange to meet with ASSOCIATE 1 and swap his white truck for ASSOCIATE 1's black Acura ("the Black Acura"), a vehicle not directly traceable to him by PERSON 1, PERSON 1's associates, or law enforcement.

20. DONTAE SYKES used a cellular telephone to arrange to meet with ASSOCIATE 2 and swap his Ford Explorer for ASSOCIATE 2's silver Hyundai Sonata ("the Silver Sonata"), a vehicle not directly traceable to him by PERSON 1, PERSON 1's associates, or law enforcement.

21. RYAN BACON, DONTAE SYKES, MICHAEL PRITCHETT, DION OLIVER, and MAURICE COOPER conducted surveillance at VICTIM 1's Apartment Complex in order to locate PERSON 1.

22. MICHAEL PRITCHETT, using a cellular telephone, conducted internet searches at approximately 9:01 a.m. and 9:13 a.m. using the following search terms: "how does cell phone towers work," and "do all cell phones use satellites."

23. MAURICE COOPER, MICHAEL PRITCHETT, and DION OLIVER, driving the Black Acura, and DONTAE SYKES and RYAN BACON, driving the Silver Sonata, followed VICTIM 1 – the intimate partner of PERSON 1 - from VICTIM 1's Apartment Complex to and from a nearby McDonald's restaurant.

24. Upon VICTIM 1's return to VICTIM 1's Apartment Complex, DION OLIVER approached and seized VICTIM 1 at gunpoint.

25. DION OLIVER forced VICTIM 1, at gunpoint, to hand over the keys to VICTIM 1's apartment as well as VICTIM 1's cellular telephone. OLIVER gave the keys to VICTIM 1's apartment to RYAN BACON, DONTAE SYKES, MICHAEL PRITCHETT, and MAURICE COOPER who used them to enter VICTIM 1's apartment to look for PERSON 1.

26. Beginning at approximately 11:16 a.m., DION OLIVER used VICTIM 1's cellular telephone to send text messages to PERSON 1. In doing so, OLIVER impersonated VICTIM 1 in an attempt to ascertain PERSON 1's location.

27. At approximately 11:40 a.m., PERSON 1 sent a text message to VICTIM 1's cellular telephone indicating that he was on Route 896 near Route 40 in Newark, Delaware.

28. TERES TINNIN used a cellular telephone to alert MICHAEL PRITCHETT, via FaceTime – a video-calling application designed by Apple for use on electronic devices such as the iPhone and iPad – that PERSON 1 was walking along Route 896 in Newark, Delaware.

29. RYAN BACON, DONTAE SYKES, MICHAEL PRITCHETT, DION OLIVER, and MAURICE COOPER, driving in two separate cars, left VICTIM 1's Apartment Complex and drove to the area that PERSON 1 and TERES TINNIN identified person 1 as being.

30. At approximately 11:50 a.m., PERSON 1 was shot at several times while walking along the shoulder of Route 896 near Leisure Fitness, located at 231 Executive Drive, Newark, Delaware.

31. At approximately 11:57 a.m., in an attempt to confirm that PERSON 1 had been shot, DION OLIVER sent a text message from VICTIM 1's cellular telephone to PERSON 1, again posing as VICTIM 1. PERSON 1 did not respond.

32. TERES TINNIN used FaceTime on his cellular telephone to alert defendants RYAN BACON, DONTAE SYKES, MICHAEL PRITCHETT, DION OLIVER and MAURICE COOPER that PERSON 1 had survived the shooting.

33. From approximately 10:26 a.m. to 12:56 a.m., TERES TINNIN and MICHAEL PRITCHETT used their cellular telephones to communicate with each other using FaceTime approximately 18 times.

34. After the shooting on Route 896, MICHAEL PRITCHETT and DION OLIVER returned the Black Acura and retrieved PRITCHETT's truck. PRITCHETT's truck is white and has red racing stripes on the hood of the vehicle.

35. MICHAEL PRITCHETT, DION OLIVER and MAURICE COOPER returned to Wilmington, Delaware.

36. MICHAEL PRITCHETT, DION OLIVER, and MAURICE COOPER, and others, received information that PERSON 1 had been seen near Probation & Parole's Offices, located at 314 Cherry Lane in New Castle, Delaware.

37. MICHAEL PRITCHETT, DION OLIVER, and MAURICE COOPER conducted surveillance around Probation & Parole's Offices in an effort to locate PERSON 1. PRITCHETT and OLIVER were inside PRITCHETT's white truck, while MAURICE COOPER was inside his Cadillac.

38. At approximately 1:48 p.m., MICHAEL PRITCHETT and RYAN BACON communicated, via FaceTime, for approximately 3:39 seconds.

39. At approximately 2:18 p.m., PERSON 1 left Probation & Parole's Offices.

40. MICHAEL PRITCHETT, DION OLIVER, and MAURICE COOPER followed PERSON 1 to the area of 6th and Spruce Streets, Wilmington, Delaware.

41. At approximately 2:28 p.m., MICHAEL PRITCHETT used his cellular telephone to make an outgoing FaceTime call to TERES TINNIN; this call lasted approximately 40 seconds.

Case 1:18-cr-00075-LPS   Document 3   Filed 10/04/18   Page 10 of 17 PageID #: 12


42. At approximately 2:34 p.m., while inside MICHAEL PRITCHETT's white truck, DION OLIVER shot at PERSON 1 several times. OLIVER missed PERSON 1, but struck VICTIM 2 – a 6-year-old boy – in the head, severely injuring him.

43. From approximately 2:29 p.m. until 2:36 p.m., during the surveillance of and shooting at PERSON 1, MICHAEL PRITCHETT and DION OLIVER were in PRITCHETT's truck; MAURICE COOPER followed them in his black Cadillac. During this time period, PRITCHETT and COOPER used their cellular telephones to communicate via FaceTime for approximately four of those six minutes.

44. At approximately 2:37, MICHAEL PRITCHETT and DONTAE SYKES communicated, via FaceTime, for approximately 58 seconds.

45. Upon learning of the shooting, DONTAE SYKES and RYAN BACON drove toward the area of 6th and Spruce Streets, the scene of the shooting.

46. Later that afternoon, TERES TINNIN, MICHAEL PRITCHETT, DION OLIVER, and RYAN BACON met at TINNIN's apartment, located at 220 McFarland Drive in the Reserve at Becks Pond complex in New Castle County to discuss the events of the day and plan their next steps.

47. On or about June 7, 2017, TERES TINNIN, MICHAEL PRITCHETT, DION OLIVER, RYAN BACON, and DONTAE SYKES met at TINNIN's apartment to discuss, among other things, a plan to hide PRITCHETT's white truck that had been seen on the video footage that captured the shooting at 6th and Spruce Streets. TINNIN, PRITCHETT, OLIVER, BACON, and SYKES cleaned PRITCHETT's white truck and cleaned and hid two guns, at least one of which was used during the shooting at 6th and Spruce Streets.

48. On or about June 7, 2017 at approximately 2:30 p.m., MICHAEL PRITCHETT drove his white truck Southbound toward Seaford, Delaware for the purpose of hiding the truck from law enforcement.

49. On or about June 7, 2017, at approximately 2:30 p.m., DONTAE SYKES and DION OLIVER, inside SYKES' Ford Explorer, followed MICHAEL PRITCHETT southbound toward Seaford, Delaware.

50. On or about June 7, 2017, at approximately 3:00 p.m., MICHAEL PRITCHETT was pulled over by the police while driving his white truck.

51. On or about June 8, 2017, DONTAE SYKES and DION OLIVER stopped using the cellular telephones that they had been using on June 6, 2017.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

## STALKING

52. Paragraphs 1 through 51 of Count 1 are re-alleged and incorporated herein.

53. From in or around May 6, 2017, through in or around June 8, 2017, in the District of Delaware and elsewhere, the defendants,

> RYAN BACON,
> DONTAE SYKES,
> MICHAEL PRITCHETT,
> DION OLIVER,
> MAURICE COOPER, and
> TERES TINNIN

did knowingly and intentionally use the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, and any other facility of interstate or foreign commerce to engage in a course of conduct that placed PERSON 1 in reasonable fear of the death of, or serious

11

bodily injury to, PERSON 1 and a spouse or intimate partner of PERSON 1, and caused, attempted to cause, or would be reasonably expected to cause substantial emotion distress to PERSON 1 and a spouse or intimate partner of PERSON 1, with the intent to kill and injure and harass and intimidate, and to place under surveillance with the intent to kill and injure and harass and intimidate, PERSON 1, and aided and abetted same, in violation of Title 18, United States Code, Sections 2261A (2)(A) and (B) and 2.

## COUNT 3

### CONSPIRACY TO COMMIT KIDNAPPING

54. Paragraphs 1 through 6 and 19 through 31 are re-alleged and incorporated herein.

55. On or about June 6, 2017, in the District of Delaware and elsewhere, the defendants,

**RYAN BACON,
DONTAE SYKES,
MICHAEL PRITCHETT,
DION OLIVER, and
MAURICE COOPER**

conspired and agreed with each other and with other persons, known and unknown to the Grand Jury, to knowingly and unlawfully seize, confine, inveigle, kidnap, abduct and carry away and hold for ransom and reward and otherwise VICTIM 1, and, in committing and in furtherance of the commission of the offense, traveled in interstate commerce, used means, facilities and instrumentalities of interstate and foreign commerce, and willfully transported VICTIM 1 in interstate commerce, and during the course of and in furtherance of the conspiracy, and to effect the objects thereof, at least one of the defendants committed at least one overt act, all in violation of Title 18, United States Code, Sections 1201(a)(1) and (c).

## OBJECT OF THE CONSPIRACY

56. It was an object of the conspiracy that defendants RYAN BACON, DONTAE SYKES, MICHAEL PRITCHETT, DION OLIVER, and MAURICE COOPER did take, confine, inveigle, kidnap, abduct and carry away and hold for ransom and reward and otherwise VICTIM 1, a romantic and intimate partner of PERSON 1, in order to use VICTIM 1 and VICTIM 1's personal property, including a cellular telephone and keys, to obtain information about PERSON 1's whereabouts and to lure PERSON 1 into public space for the purpose of doing harm to PERSON 1.

## MANNER AND MEANS

57. It was part of the conspiracy that:
    a. Defendants used cellular telephones to communicate with each other, and others, including PERSON 1, including but not limited to text message and FaceTime messaging;
    b. Defendants drove to VICTIM 1's Apartment Complex in ASSOCIATE 1's Black Acura and ASSOCIATE 2's Silver Sonata, cars not directly traceable to them or identifiable by PERSON 1 or PERSON 1's associates, or law enforcement;
    c. Defendants were armed with handguns;
    d. Defendants surveilled VICTIM 1 and followed her car as she drove away from and returned to her Apartment Complex;
    e. Defendants confined VICTIM 1 within her vehicle and then in the trunk areas of the Black Acura and Silver Sonata.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its object, defendants RYAN BACON, DONTAE SYKES, MICHAEL PRITCHETT, DION OLIVER, and MAURICE COOPER, and others known and unknown to the Grand Jury, committed the following overt acts, among others, in the District of Delaware and elsewhere:

**On or about June 6, 2017:**

58. RYAN BACON, DONTAE SYKES, MICHAEL PRITCHETT, DION OLIVER, and MAURICE COOPER conducted surveillance at VICTIM 1's Apartment Complex in an effort to locate PERSON 1.

59. RYAN BACON, DONTAE SYKES, MICHAEL PRITCHETT, DION OLIVER, and MAURICE COOPER, driving the Black Acura and the Silver Sonata, followed VICTIM 1 to a nearby McDonald's restaurant.

60. RYAN BACON, DONTAE SYKES, MICHAEL PRITCHETT, DION OLIVER, and MAURICE COOPER followed VICTIM 1 back to VICTIM 1's Apartment Complex.

61. As VICTIM 1 attempted to exit her vehicle, DION OLIVER, at gunpoint, approached and seized VICTIM 1 and forced her to remain inside her vehicle.

62. DION OLIVER forced VICTIM 1, at gunpoint, to hand over keys to VICTIMS 1's apartment as well as VICTIM 1's cellular telephone.

63. DION OLIVER gave the keys to VICTIM 1's apartment to RYAN BACON, DONTAE SYKES, MICHAEL PRITCHETT, and MAURICE COOPER, who used them to enter VICTIM 1's apartment to look for PERSON 1.

64. DION OLIVER posed as VICTIM 1 and engaged in a series of text messages with PERSON 1 that resulted in PERSON 1 revealing PERSON 1's location.

65. DION OLIVER, at gunpoint, forced VICTIM 1 from VICTIM 1's vehicle into the trunk compartment of the Black Acura.

66. DION OLIVER and MICHAEL PRITCHETT drove VICTIM 1 to the area of Route 896 in Newark, Delaware in the trunk of the Black Acura. DONTAE SYKES, RYAN BACON and MAURICE COOPER drove in the Silver Sonata.

67. After firing shots at PERSON 1 at the intersection of Route 40 and Route 896, RYAN BACON, DONTAE SYKES, MICHAEL PRITCHETT, DION OLIVER, and MAURICE COOPER drove to a church parking lot located on Old Route 896, with VICTIM 1 in the trunk of the Black Acura.

68. At that location, MAURICE COOPER, DONTAE SYKES, DION OLIVER, RYAN BACON, and MICHAEL PRITCHETT blindfolded VICTIM 1 and forced VICTIM 1 from the trunk of the Black Acura into the trunk of the Silver Sonata.

69. RYAN BACON and DONTAE SYKES transported VICTIM 1 from Newark, Delaware to Elkton, Maryland.

70. Upon arriving in Elkton, Maryland, and pulling into a wooded area, DONTAE SYKES and RYAN BACON removed VICTIM 1 from the trunk.

71. VICTIM 1 was shot five times and killed.

All in violation of Title 18, United States Code, Sections 1201(a)(1) and (c).

## COUNT FOUR

### KIDNAPPING

72. Paragraphs 1 through 6, and 19 through 31 of Count 1 and 58 through 71 of Count 3 are re-alleged herein.

73. On or about June 6, 2017, in the District of Delaware, and elsewhere, defendants,

**RYAN BACON,**
**DONTAE SYKES,**
**MICHAEL PRITCHETT,**
**DION OLIVER, and**
**MAURICE COOPER**

did knowingly and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, carry away, and hold for ransom, reward, or otherwise VICTIM 1, and, in committing and in furtherance of the commission of the offense, used means, facilities and instrumentalities of interstate and foreign commerce, to wit, cellular telephones, and did willfully transport VICTIM 1 in interstate commerce from Newark, Delaware to Elkton, Maryland, and aided and abetted same, resulting in the death of VICTIM 1. In violation of Title 18, United States Code, Section 1201(a)(1) and 2.

**ALLEGATIONS OF SPECIAL FINDINGS FOR DEATH ELIGIBLE OFFENSES**

In conspiring to violate 18 U.S.C. Section 1201, defendants RYAN BACON and DONTAE SYKES intentionally killed VICTIM 1, as that term is set forth in 18 U.S.C. Section 3591(a)(2).

Additional statutory aggravating factors pursuant to 18 U.S.C. Section 3592(c) as to defendant RYAN BACON include: (c)(1)- that the death occurred during the commission of a kidnapping, in violation of 18 U.S.C. Section 1201(a) and (c)(2)- that defendant BACON has a prior conviction for a violent felony involving firearms, to wit, a prior 18 U.S.C. Section 924(c) conviction.

Additional statutory aggravating factors pursuant to 18 U.S.C. Section 3592(c) as to defendant DONTAE SYKES include: (c)(1)-that the death occurred during the commission of a kidnapping, in violation of 18 U.S.C. Section 1201(a) and (c)(2)-that defendant SYKES has a prior conviction for a violent felony involving firearms punishable by a term of imprisonment of

more than 1 year, to wit possession of a firearm during the commission of a felony and assault first degree with a weapon or dangerous instrument.

A TRUE BILL:

_____
Grand Jury Foreperson

DAVID C. WEISS
UNITED STATES ATTORNEY

By: _____
Alexander Mackler
Shannon Hanson
Adrienne Dedjinou
Maureen McCartney
Assistant United States Attorneys

Mark Denney
Special Assistant United State Attorney

17